| B 104 | **ADVERSARY PROCEEDING SHEET** | ADVERSARY PROCEEDING NUMBER |
| --- | --- | --- |
| (Rev. 8/99) | (Instructions on Reverse) | (For Court Use Only) |

| PLAINTIFF<br><br>Annie Marie Montgomery | Defendant<br><br>GRE LLC<br>Attn: Brian Gainous<br>301 Northcreek Blvd #208<br>Goodlettsville TN 37072-1920<br><br>RVFM 11 Series LLC<br>NATIONAL REGISTERED AGENTS, INC. OF MD<br>2405 YORK ROAD SUITE 201<br>LUTHERVILLE TIMONIUM MD 21093-2264<br><br>Vision Property Management LLC<br>Attn: Alex Szkaradek<br>1111 Belleview Street Suite 107<br>Columbia SC 29201 |
| --- | --- |
| ATTORNEYS (Firm Name, Address, and Telephone Number)<br>**Keith D Slocum**<br>**Harlan, Slocum and Quillen**<br>**P.O. BOX 949**<br>**COLUMBIA TN 38402-0949**<br>**931/381-0660**<br>**bknotices@robertharlan.com** | ATTORNEYS (if known) |

PARTY (Check one box only)  ☐ 1  U.S. PLAINTIFF   ☐ 2  U.S. Defendant   ☒ 3  U.S. NOT A PARTY

**CAUSE OF ACTION**  Complaint Seeking Damages in Core Adversary Proceeding

### NATURE OF SUIT
(Check the one most appropriate box only)

| | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ☒ | 454 | To recover money or property | ☐ | 455 | To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | ☐ | 456 | To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ | 435 | To determine validity, priority, or extent of a lien or other interest in property | ☐ | 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ | 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ | 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ | 434 | To obtain an injunction or other equitable relief | ☐ | 498 | Other (specify) |
| ☐ | 424 | To object or to revoke a discharge 11 U.S.C. § 727 | ☐ | 457 | To subordinate any allowed claim or interest except where such subordination is provided in a Plan | | | |

| ORIGIN OF PROCEEDING (Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| DEMAND | NEAREST THOUSAND greater than $10,000.00 | OTHER RELIEF SOUGHT | | | ☐ JURY DEMAND |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>Annie Marie Montgomery | BANKRUPTCY CASE NUMBER 17-07667-MH1-13 |

| DISTRICT IN WHICH CASE IS PENDING<br>**Middle District of Tennessee** | DIVISIONAL OFFICE **Columbia** | NAME OF JUDGE Marian F Harrison |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | Defendant | ADVERSARY PROCEEDING NUMBER |
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only) | ☐ FEE ATTACHED | ☒ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>March 31, 2021 | PRINT NAME<br>**Keith D Slocum** | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>\s\ **Keith D Slocum** |
|---|---|---|

B-104

(Rev. 8/99)

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the Plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case.

|   | 1. | Original Proceeding. |
|---|---|---|
|   | 2. | Removed from a State or District Court. |
|   | 4. | Reinstated or Reopened. |
|   | 5. | Transferred from Another Bankruptcy Court. |

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter "1," for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

  In Re:
  Annie Marie Montgomery                                BK:    17-07667-MH1-13
  Debtor

Annie Marie Montgomery
Plaintiff

vs.

GRE LLC,
RVFM 11 Series LLC,
Vision Property Management, LLC,
Defendants                                                           Adv. No.

### Complaint Seeking Damages in a Core Adversary Proceeding

### I. Introduction

1. This is an action for actual and punitive damages filed by the debtor pursuant to Sections 105 and 362 of the Bankruptcy Code. This is also an action for Negligence and Breach of Contract.

### II. Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiff in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core

proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### III. Parties:

6. The Plaintiff in this case is a Debtor under Chapter 13 of Title 11 in the above-captioned case.

7. The Defendant, RVFM Series LLC (hereafter RV), is a corporation conducting business in the state of Tennessee. The Defendant, Vision Property Management LLC (hereafter VP) is RV's agent, collector and also a corporation conducting business in the state of Tennessee.

8. The Defendant, GRE LLC (hereafter GRE), is a corporation registered in and conducting business in the state of Tennessee.

### IV. Factual Allegations

9. On September 1, 2014, Plaintiff and RV entered into a lease purchase contract advertised and prepared by VP, copy attached as Exhibit 1.

10. The Chapter 13 case of the Plaintiff herein was commenced by the filing of a voluntary petition with the Clerk of this Court on November 10, 2017.

11. The 341(a) meeting of creditors in this case was held in Columbia, Tennessee on December 18, 2017.

12. Plaintiff's confirmation Order, attached as Exhibit 2 provided for payments to RV care of VP secured at $11,900.00 to be paid with 5% and a monthly payment of $235.

13. Plaintiff's counsel filed a proof of claim and then an amended proof of claim, attached as Exhibit 3, for RVFM 11 Series LLC C/O Vision Property Management.

14. The Chapter 13 Trustee paid the claim in full, claim detail report attached as Exhibit 4. The final disbursement was made in September 2020.

15. According to the tax records, copy attached as Exhibit 5, RV paid the Plaintiff's 2014 property taxes.

16. In November 2020, the Plaintiff discovered that the property she was buying from RV may have been the subject of a tax sale for 2014 taxes in 2017. The Plaintiff became aware when she received a letter for possession from the Maury county sheriffs's department, copy of the letter attached as Exhibit 6.

17. The recorded tax sale is attached as Exhibit 7.

18. Although Plaintiff's counsel was able to stop the eviction, the Plaintiff has not been able to get the purchaser, GRE, to acknowledge that the tax was paid by RV or to agree to remove GRE's cloud on the Plaintiff's title that resulted from the sale.

19. RV and VP received and kept the Trustee's disbursements by which the Plaintiff was exercising her purchase option under the terms of her contract. However, RV and VP have taken no steps to clear up this title issue for the Plaintiff or to ensure that RV and VP were able to convey clean title to the Plaintiff.

### V. Claims for Relief:

#### COUNT 1- BREACH OF CONTRACT (RV AND VP)

20. Plaintiff incorporates by reference all of the above factual allegations and Exhibits as if fully set forth herein.

21. A contractual relationship exists between the Plaintiff and RV/VP.

22. The Plaintiff dealt with VP to purchase her home and approximately .34 acre of land from RV. This was advertised by VP as 1828 Monsanto Road, the picture and additional from 2014, Exhibit 1.

23. The contract also provided for an escrow, see Exhibit 1.

24. Finally, the parties agreement indicates that RV can transfer title, see Exhibit 1.

25. RV and VP has breached the contract by not properly funding and or paying escrow items, not protecting the security that was the subject of the contract, not ensuring clean title and not transferring clean title to the Plaintiff upon receipt of final payment.

26. Based on foregoing, RV and VP have breached the contract between the parties and the Plaintiff is entitled to damages and equitable relief.

## COUNT II- NEGLIGENCE (RV and VP)

27. RV and VP owed a duty to the Plaintiff per the parties contractual agreement. RV and VP owed a duty to the Plaintiff to properly handle and pay items through escrow. RV and VP had a duty to the Plaintiff to be able to convey clean title to the property it purported to be able to sell the Plaintiff.

28. RV and VP breached the duty by failing to pay property taxes when due. RV and VP breached the duty by not being able to convey clean title to the Plaintiff. RV and VP breached the duty by not being able to convey the property once the Plaintiff had completed payments under the plan.

29. By not performing the aforementioned duties, RV and VP have caused damage to the Plaintiff. The Plaintiff does not have clear title to her property despite making all of the required payments. The Plaintiff has a cloud on her title and a third party (GRE) attempting to evict her.

30. The Plaintiff's injuries are the proximately result of RV and VP's breach. At a minimum, RV and VP knew or should have known that it as likely that allowing a tax sale would create a problem with conveying title to the Plaintiff.

31. Based on foregoing, RV and VP have committed negligence in dealing with the

Plaintiff and the Plaintiff's property and the Plaintiff is entitled to damages and equitable relief.

### COUNT III- Violation of order confirming plan (RV and VP)

32. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

33. RV and VP are violating 3.d of the Plaintiff's confirmed plan. This section clearly provides:

> Each creditor listed above (RV C/O VP was listed above) shall retain its lien pursuant to 11 USC 1325(a) (5) (b) until the earlier of (1) payment of the underlying debt determined under nonbankruptcy law.

34. The Trustee's September 2020 disbursement paid off RV and VP's claim with contract interest under nonbankruptcy law, see Exhibit 4.

35. RV and VP have failed to release its lien and or convey title to the Plaintiff. RV and VP also accepted and continued to accept payments from the Trustee as a secured creditor even though RV and VP knew and or should have known that the collateral had been placed in jeopardy because of the tax sale but failed to notify the Plaintiff, the Trustee or the Court.

36. Based on the foregoing, RV and VP should be held in contempt and the Plaintiff awarded actual damages including emotional distress, attorney's fees and punitive damages for RV and VP's intentional and wilful violations of the Plaintiff's plan.

37. Title 11 U.S.C. § 105(a) of the Code grants power to the Court to remedy RV and VP's violations of numerous sections of Chapter 13. Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code provisions, including the granting of sanctions for contempt, the granting of monetary relief for actual and statutory damages, punitive damages, attorneys' fees and costs, and the imposition of temporary and permanent injunctions.

38. RV and VP's acts were willful violations of the Plaintiff's plan, the orders confirming

and modifying the plan, other orders of the Court, and the provisions of Chapter 13 of the Bankruptcy Code. Defendants knew of the existence of these provisions, their acts were intentional, and the acts alleged herein violated the provisions and purposes of the Code set forth herein.

39. RV and VP's actions demonstrate their policy and procedure to ignore the directives and orders of bankruptcy courts and the Bankruptcy Code.

40. Accordingly, under § 105 and/or the Court's inherent authority, RV and VP should be sanctioned in an appropriate amount plus an award of Plaintiff's reasonable attorneys' fees for bringing this action.

**COUNT IV- CONTEMPT AND SANCTIONS CLAIM-11 U.S.C. §105 & 362 (GRE)**

41. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

42. GRE has actual knowledge of the Plaintiff's bankruptcy but continues to cloud the Plaintiff's title.

43. GRE's continued cloud on the Plaintiff's title constitutes a violation of the automatic stay.

44. Plaintiff alleges that GRE should be found in contempt and the Plaintiff be awarded sanctions for the GRE's deliberate and wilful violation of the automatic stay and be assessed with compensatory damages and punitive damages and reasonable attorney's fees.

45. The Plaintiff requires the Court's intervention to prevent GRE from taking the Plaintiff's property. The Plaintiff relied on the automatic stay to protect her property from GRE's actions.

**X. Actual Damages**

46. The Plaintiff incorporates herein by reference all preceding paragraphs as if fully set forth herein.

47. In this case, the Plaintiff has suffered the following actual damages:

   a. Attorney fees
   b. Mailings
   c. Costs
   d. Paying for property with interest without receiving title
   e. Emotional distress including fear of continued collection activity and losing her property

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays:

A. That the Defendants be required to answer this complaint.

B. Based on the Plaintiff's claim for relief (paragraphs 20-26, 46-47), and the factual allegations, the Plaintiff seeks to recover against RV and VP appropriate damages and equitable relief for RV and VP's breach of contract.

C. Based on the Plaintiff's claim for relief (paragraphs 27-31), and the factual allegations, the Plaintiff seeks to recover against RV and VP appropriate damages and equitable relief for RV and VP's negligence.

D. Based on the Plaintiff's claim for relief, the factual allegations and pursuant to 11 U.S.C. §105, the Plaintiff asks that RV and VP be found in contempt and the Plaintiff be awarded sanctions for RV and VP's violations of the Plaintiff's plan and be assessed with compensatory damages, punitive damages and reasonable attorney's fees.

E. Based on the Plaintiff's claim for relief, the factual allegations, and pursuant to 11 U.S.C. sections 105 and 362, the Plaintiff asks that GRE Defendant be found in contempt and the Plaintiff awarded sanctioned for GRE's deliberate stay violations. The Plaintiff is entitled to recover actual damages including emotional distress, attorney's fees and punitive damages for GRE's intentional and wilful violations of the automatic stay.

F. For such other relief as this Court deems appropriate.

Dated this the 31st day of March 2021.

Harlan, Slocum & Quillen

/s/ Keith D Slocum
by: Keith D. Slocum BPR 023024
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com

Exhibit List
Exhibit 1: Contract
Exhibit 2: Confirmation Order
Exhibit 3: Amended Proof of Claim
Exhibit 4: Trustee's Report Claim Detail
Exhibit 5: County Tax Records
Exhibit 6: Possession Letter
Exhibit 7: Tax Sale